UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ELITE PHYSICIAN SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | No. 1:06-CV-86 |
| ) | |
| v. ) | *Mattice/Carter* |
| ) | |
| CITICORP CREDIT SERVICES, INC. (USA), ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER**

# Defendant's Exhibit I

## (Chart Comparing Elite's Allegations in Elite I And Elite II)

| ELITE'S ALLEGATIONS IN THE PROPOSED SECOND AMENDED COMPLAINT AGAINST CITICORP PAYMENT SERVICES, INC. (Elite I – Southern District of New York) | ELITE'S ALLEGATIONS IN THE COMPLAINT AGAINST CITICORP CREDIT SERVICES, INC. (USA) (Elite II – Eastern District of Tennessee) |
|---|---|
| "This case involves a course of deceptive and unfair commercial conduct by CCSI (USA) and CPSI (collectively "Citicorp") in connection with the offer to provide and the provision of services to Elite in the context of the patient financing services program discussed below." (**Elite I - ¶ 4**) | "This case involves a course of deceptive and unfair commercial conduct by CPSI and CCSI (USA) in connection with the offer to provide and the provision of services to Elite in the context of the patient financing services program discussed below." (**Elite II - ¶ 4**) |
| "… CPSI engaged in a series of unfair and deceptive acts affecting trade and commerce with the undisclosed purpose and effect of taking Elite's business enterprise for its own benefit without just compensation." (**Elite I - ¶ 4**) | "CCSI (USA) engaged in a series of unfair and deceptive acts affecting trade and commerce with the undisclosed purpose and effect of taking Elite's business enterprise for its own benefit without just compensation." (**Elite II - ¶ 4**) |
| "This deceptive and unfair commercial conduct includes, but is not limited to, false representations to Elite which were made by CPSI to induce Elite to enter into and to maintain a business relationship with CPSI and CCSI (USA)." (**Elite I - ¶ 4**) | "This deceptive and unfair commercial conduct includes, but is not limited to, false representations to Elite which were made by both CPSI and CCSI (USA) representatives to induce Elite to enter into and to maintain a business relationship with Citicorp." (**Elite II - ¶ 4**) |
| "In 2002, Elite was approached by CCSI (USA) and CPSI (collectively "Citicorp") with a business opportunity relating to the sale and distribution of patient financing services and products." (**Elite I - ¶ 6**) | "In 2002, Elite was approached by agents of Citicorp with a business opportunity relating to the sale and distribution of patient financing services and products." (**Elite II - ¶ 6**) |
| "Representatives of Citicorp asked Elite to enter into a long-term, exclusive relationship in which Elite would continue to sell and distribute products and services in the patient financing industry in conjunction with these entities." (**Elite I - ¶ 6**) | "Citicorp asked Elite to enter into a long-term, exclusive relationship in which Elite would continue to sell and distribute products and services in the patient financing industry in conjunction with Citicorp." (**Elite II - ¶ 6**) |

- 1 -

| | |
|---|---|
| "In discussions with Elite's representatives, CPSI's and CCSI (USA)'s agents repeatedly represented to Elite in Tennessee that, to execute the proposed plan, Citicorp was capable of providing and would provide to Elite the highest quality advertising, marketing, and transaction-processing support and services available in the industry." **(Elite I - ¶ 7)** | "In discussions with Elite's representatives, CCSI (USA)'s and CPSI's agents repeatedly represented that, to execute the proposed plan, Citicorp was capable of providing and would provide to Elite the highest quality advertising, marketing, and transaction-processing support and services available in the industry." **(Elite II - ¶ 7)** |
| "As part of their discussions, representatives of Citicorp and Elite engaged in negotiations that contemplated a services agreement under which they were to provide services to one another in order to promote the Citi Health Card program." **(Elite I - ¶ 8)** | "As part of their discussions, representatives of Citicorp and Elite engaged in negotiations that contemplated a services agreement under which they were to provide services to one another in order to promote the Citi Health Card program." **(Elite II - ¶ 8)** |
| "Relying on representations by Citicorp, Elite entered with CPSI into a Master Services Agreement (the "Agreement") dated April 9, 2003, under which Elite and CPSI agreed to develop and promote the Citi Health Card program." **(Elite I - ¶ 9)** | "Relying on representations by Citicorp, Elite entered with CPSI into a Master Services Agreement (the "Agreement") dated April 9, 2003, under which Elite and CPSI agreed to develop and promote the Citi Health Card program." **(Elite II - ¶ 9)** |
| "Despite Elite's performance of its obligations under the Agreement, agents of Citicorp engaged in an unfair and deceptive course of conduct which frustrated the purpose of the Agreement by failing to provide the services Citicorp agreed to provide to Elite." **(Elite I - ¶ 11)** | "Despite Elite's performance of its obligations under the Agreement, agents of Citicorp engaged in an unfair and deceptive course of conduct which frustrated the purpose of the Agreement by failing to provide the services Citicorp agreed to provide to Elite." **(Elite II - ¶ 11)** |
| "After entering into the Agreement, Citicorp continued to falsely represent and promise to Elite that it would provide Elite with particular high-quality advertising, marketing, and transaction-processing products and services." **(Elite I - ¶ 12)** | "After entering into the Agreement, Citicorp continued to falsely represent and promise to Elite that it would provide Elite with particular high-quality advertising, marketing, and transaction-processing products and services." **(Elite II - ¶ 12)** |

- 2 -

| | |
|---|---|
| "Another element of the marketing support services which Citicorp unfairly and deceptively promised to provide to Elite enable it to market the Citi Health Card was "highly trained" CCSI (USA) customer service personnel located in Gray, Tennessee." **(Elite I - ¶ 13)** | "Another element of the marketing support services which Citicorp unfairly and deceptively promised to provide to Elite to enable it to market the Citi Health Card was "highly trained" CCSI (USA) customer service personnel located in Gray, Tennessee." **(Elite II - ¶ 13)** |
| "Additionally, as part of its market support services Citicorp provided Elite with a brochure for distribution to patients/consumers by health-care providers but failed to include on the brochure the toll-free telephone number for credit applications even though telephone applications made directly by consumers was a planned method for sales." **(Elite I - ¶ 14)** | "Additionally, as part of its market support services Citicorp provided Elite with a brochure for distribution to patients/consumers by health-care providers but failed to include on the brochure the toll-free telephone number for credit applications even though telephone applications made directly by consumers was a planned method for sales." **(Elite II - ¶ 14)** |
| "Another marketing support service that Citicorp falsely promised and represented that it would provide to Elite to enable it to promote patient financing services was an electronic point-of-sale terminal designed to allow health-care providers to efficiently process sales." **(Elite I - ¶ 15)** | "Another marketing support service that Citicorp falsely promised and represented that it would provide to Elite to enable it to promote patient financing services was an electronic point-of-sale terminal designed to allow health-care providers to efficiently process sales." **(Elite II - ¶ 15)** |
| "In addition, after Elite entered into the Agreement with CPSI and as part of the marketing support services Citicorp was to render to Elite, Citicorp falsely promised to provide Elite with marketing support materials such as processing manuals for Citicorp's Phone Terminal." **(Elite I - ¶ 16)** | "In addition, after Elite entered into the Agreement with CPSI and as part of the marketing support services Citicorp was to render to Elite, Citicorp falsely promised to provide Elite with marketing support materials such as processing manuals for Citicorp's Phone Terminal." **(Elite II - ¶ 16)** |
| "Elite asserts that Citicorp was capable of providing Elite with the high-quality services and products which Citicorp represented it would provide to Elite and which were essential to the success of the program." **(Elite I - ¶ 17)** | "Elite asserts that Citicorp was capable of providing Elite with the high-quality services and products which Citicorp represented it would provide to Elite and which were essential to the success of the program." **(Elite II - ¶ 17)** |

- 3 -

| | |
|---|---|
| "Elite repeatedly requested Citicorp to provide it with the services and products which conformed to Citicorp's representations, promises, and obligations." **(Elite I - ¶ 18)** | "Elite repeatedly requested Citicorp to provide it with the services and products which conformed to Citicorp's representations, promises, and obligations." **(Elite II - ¶ 18)** |
| "By thus unfairly and deceptively failing to provide the services it said it would provide and frustrating the purpose of the Agreement with CPSI while Elite continued to perform, Citicorp not only caused catastrophic financial injury to Elite but also caused Elite's reputation within the health-care-services patient financing industry to be irreparably damaged." **(Elite I - ¶19)** | "By thus unfairly and deceptively failing to provide the services it said it would provide and frustrating the purpose of the Agreement with CPSI while Elite continued to perform, Citicorp not only caused catastrophic financial injury to Elite but also caused Elite's reputation within the health-care-services patient financing industry to be irreparably damaged." **(Elite II - ¶ 19)** |
| "Citicorp maintained its unfair and deceptive conduct long enough to enable Citicorp to take unfair advantage of Elite's good faith performance." **(Elite I - ¶ 20)** | "Citicorp maintained its unfair and deceptive conduct long enough to enable Citicorp to take unfair advantage of Elite's good faith performance." **(Elite II - ¶ 20)** |
| "It was only upon this termination of the relationship that Elite became aware of Citicorp's deceptive and unfair strategy to take Elite's business without just compensation." **(Elite I - ¶ 21)** | "It was only upon this termination of the relationship that Elite became aware of Citicorp's deceptive and unfair strategy to take Elite's business without just compensation." **(Elite II - ¶ 21)** |
| "Citicorp unfairly and deceptively used its relationship with Elite to introduce the Citi Health Card into the patient financing industry and to gain unjust benefit of Elite's industry presence and expertise in health-care patient financing sales and support." **(Elite I - ¶ 22)** | "Citicorp unfairly and deceptively used its relationship with Elite to introduce the Citi Health Card into the patient financing industry and to gain unjust benefit of Elite's industry presence and expertise in health-care patient financing sales and support." **(Elite II - ¶ 22)** |
| "CPSI and CCSI (USA) were aware that by terminating Elite without justification they would destroy Elite as a business entity and take the business it had taken Elite years to build without compensating Elite." **(Elite I - ¶ 22)** | "Citicorp was aware that by terminating Elite without justification it would destroy Elite as a business entity and take the business it had taken Elite years to build without compensating Elite." **(Elite II - ¶ 22)** |

- 4 -

| | |
|---|---|
| "By acting in the unlawful manner in which they did, CPSI and CCSI (USA) did, in fact, destroy Elite as a business entity and misappropriate the business Elite had built without providing just compensation to Elite." **(Elite I - ¶ 22)** | "By acting in the unlawful manner in which it did, Citicorp did, in fact, destroy Elite as a business entity and misappropriate the business Elite had built without providing just compensation to Elite." **(Elite II - ¶ 22)** |
| "CPSI has engaged in unfair and deceptive acts and practices affecting the conduct of trade and commerce in violation of the T.C.P.A., including but not limited to, violations of T.C.A. §§ 47-18-102 and 47-18-104(b)(27)." **(Elite I - ¶ 25)** | "CCSI (USA as engaged in unfair and deceptive acts and practices affecting the conduct of trade and commerce in violation of the T.C.P.A., including but not limited to, violations of T.C.A. §~47-18-102 and 47-18-104(b)(27)." **(Elite II - ¶ 25)** |
| "CPSI intentionally and knowingly misrepresented material facts to Elite, made promises to Elite with no present intent to perform, and intentionally and knowingly failed to disclose material facts to Elite which CPSI had a duty to disclose." **(Elite I - ¶ 28)** | "CCSI (USA) intentionally and knowingly misrepresented material facts to Elite, made promises to Elite with no present intent to perform, and intentionally and knowingly failed to disclose material facts to Elite which CCSI (USA) had a duty to disclose." **(Elite II - ¶ 28)** |
| "These misrepresentations and nondisclosures were collateral to the Agreement which Elite had with CPSI and were performed with the intent to induce Elite to rely upon them." **(Elite I - ¶ 28)** | "These misrepresentations and nondisclosures were collateral to the Agreement which Elite had with CPSI and were performed with the intent to induce Elite to rely upon them." **(Elite II - ¶ 28)** |
| "CPSI knowingly, recklessly, or negligently made false representations of material fact which were intended to induce Elite to enter into a contractual relationship with CPSI and into business relationships with CPSI and CCSI (USA)." **(Elite I - ¶ 32)** | "CCSI (USA) knowingly or recklessly made false representations of material fact which were intended to induce Elite to enter into and maintain a business relationship with CPSI and CCSI (USA)." **(Elite II - ¶ 32)** |

- 5 -

| | |
|---|---|
| "CPSI and CCSI (USA) acted in concert with a common design to induce Elite to enter into a contractual relationship with CPSI and business relationships with CPSI and CCSI (USA), to defraud Elite and through unfair or deceptive acts or practices to take away Elite's business without just compensation." **(Elite I - ¶ 36)** | "CCSI (USA) and CPSI acted in concert in an illegal manner and with a common design to defraud Elite and to violate the T.C.P.A. CCSI (USA) performed overt acts in furtherance of the conspiracy. This conspiracy thus renders CPSI and CCSI (USA) mutually liable to Elite for the unlawful actions of either party." **(Elite II - ¶ 36)** |