UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FILED
Dec 9  4 52 PM '05

| | | |
|---|---|---|
| ELITE PHYSICIAN SERVICES, LLC, | ) | |
| Plaintiff, | ) ) ) | No. 1:05CV344 |
| v. | ) ) | JUDGE CURTIS L. COLLIER / Carter |
| CITICORP PAYMENT SERVICES, INC., | ) ) | |
| Defendant. | ) | KG |

### NOTICE OF REMOVAL

Comes now Defendant, Citicorp Payment Services, Inc. ("Citicorp"), and notifies the Court pursuant to 28 U.S.C. § 1441, *et seq.* of the removal of a state court action, and respectfully states as follows:

1. On November 10, 2005, Plaintiff, Elite Physician Services, LLC ("Elite"), filed a Complaint against Citicorp in the Circuit Court of Hamilton County, Tennessee ("the Complaint"). The state court action was styled: <u>Elite Physician Services, LLC v. Citicorp Payment Services, Inc.</u>, in the Circuit Court of Hamilton County, Tennessee, Docket No. 05C1651 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(b), Citicorp initially received Elite's Complaint, the initial pleading setting forth Elite's claim for relief, on November 10, 2005. Citicorp attaches hereto as collective <u>Exhibit A</u> a copy of all process and pleadings served on Citicorp in the State Court Action.

3. Citicorp filed this Notice of Removal in this Court on December 9, 2005. Citicorp's Notice of Removal has been filed within the 30 day time period in 28 U.S.C. § 1446(b).

- 1 -

339833


EXHIBIT B

4. This Court has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) and (c)(1) and 28 U.S.C. § 1441, *et seq.*

5. There is only one plaintiff (Elite) and one defendant (Citicorp) in this action. There is complete diversity of citizenship between Elite and Citicorp.

6. Elite is a Tennessee limited liability corporation with its principal place of business in Chattanooga, Tennessee. (See Exhibit A, Complaint, Paragraph 1). However, for the purpose of ascertaining citizenship under 28 U.S.C. § 1332, a limited liability company is a resident of each state where its members reside.[1] Attached hereto as Exhibit C is the affidavit of Joshua A. Powers, the undersigned counsel ("Powers Affidavit"). Exhibit C provides the Court with the identity of the members of Elite and their respective residences, based upon reasonable information and belief.

(a) The members of Elite are Keith B. Dressler, D.D.S. and Michael Dean Salisbury. (See Powers Affidavit, Paragraphs 3 - 6).

(b) Keith B. Dressler, D.D.S. is a dentist whose dental offices are located at 6820 Lee Highway, Chattanooga, Tennessee 37421. At the time of the filing of the Complaint, Keith B. Dressler, D.D.S. resided at 9 St. Ives Way, Signal Mountain, Tennessee 37377. (See Powers Affidavit, Paragraphs 7, 8).

(c) At the time of the filing of the Complaint, Michael Dean Salisbury resided at 121 Tuxedo Circle, Chattanooga, Tennessee 37411. (See Powers Affidavit, Paragraph 9).

---

[1] Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); see also ABN Amro Sage Corp. v. PTI Capital Management, L.L.C., 2003 WL 21995168, *3 (N.D. Ill. 2003) ("For purposes of determining the existence of jurisdiction based on diversity where a limited liability company is a party, the citizenship of the members of the limited liability company determines its citizenship, rather than its place of formation or its principal place of business.") (a copy of this case is attached hereto as Exhibit B).

- 2 -

339833

7. Citicorp is a Delaware corporation. At the time of the formation of the contract with Elite and for virtually the entire time of the existence of the contract with Elite, Citicorp's principal place of business was in New York, New York. Citicorp's principal place of business is currently in Deerfield, Illinois. (See Exhibit A, Complaint, Paragraph 2).

8. For the purpose of diversity of citizenship, Elite is a resident of Tennessee, and Citicorp is a resident of Delaware and Illinois.

9. This case arises out of an April, 2003 Master Services Agreement ("Master Services Agreement"), attached as Exhibit 2 to the Powers Affidavit, between Elite and Citicorp regarding the provision of financing to patients seeking health-care procedures that were not covered by insurance. (See Exhibit A, Complaint, Paragraphs 6-9). By entering into the Master Services Agreement, Elite alleged that the parties anticipated they would increase their sales to over $1.4 billion in only five years[2]. (Id., Paragraph 8).

10. Prior to entering into the Master Services Agreement, Elite alleges in the Complaint that it had established a successful business in the health-care services patient industry by forging "numerous valuable relationships with health-care organizations and health-care providers" and had "built its enterprise to the point where it had over $20 million in annual sales." (See Exhibit A, Complaint, Paragraph 5).

11. Elite asserts in the Complaint that Citicorp approached Elite and represented that Citicorp would provide its "vast resources" and newly developed telephone information processing capabilities, as well as the highest quality advertising, marketing, and transaction-processing services available in the industry, to "enable Citicorp and Elite to overwhelm the

---

[2] In this Notice of Removal, Citicorp refers to several of the allegations set forth by Elite in the Complaint. By referring to such allegations, Citicorp in no way admits or accepts the veracity of such allegations. Any reference by Citicorp to the allegations of Elite in the Complaint are made solely for the purpose of effectuating this removal.

339833

competition in the developing health-care-services patient financing industry." (See Exhibit A, Complaint, Paragraph 8).

12. Due to Elite's alleged expectation that a combination of Elite's business model and Citicorp's "world class capabilities" would result in the sales of both parties climbing to $1.4 billion after five years, Elite states in the Complaint that it "bypassed other business opportunities, which would have allowed Elite to expand its business through relationships with other parties," during a time when the health-care patient financing market was growing dramatically. (See Exhibit A, Complaint, Paragraph 8).

13. Elite alleges that Citicorp "intentionally and deceptively" frustrated the purpose of the Master Services Agreement "to use Elite as a disposable tool to facilitate Citicorp's progress in other ventures in the health-care patient financing industry." (See Exhibit A, Complaint, Paragraphs 16, 17).

14. Elite asserts a single cause of action against Citicorp arising under the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*

15. Although the Complaint does not demand a specific amount of damages, Elite does seek recovery of [a] compensatory damages, [b] treble damages per T.C.A. § 47-18-109, [c] attorneys' fees, [d] costs, and [e] pre-judgment and post-judgment interest. (See Exhibit A, Complaint, Prayer for Relief).

16. The failure of Elite to include an ad damnum in the Complaint does not preclude removal to this Court.[3] The allegations contained in the Complaint demonstrate without question that the amount in controversy substantially exceeds the jurisdictional limit of $75,000.

---

[3] In Hayes v. Equitable Energy Resources Company, 266 F.3d 560 (6th Cir. 2001), the plaintiffs sought unspecified and liquidated damages against the defendants arising out of a breach of oil and gas lease agreement in a Kentucky state court. Upon removal, the plaintiffs contended that the defendants had not met the burden in demonstrating the requisite amount in controversy for diversity action to be removed to federal court. The Hayes Court stated:

- 4 -

339833

17.     Elite states in the Complaint that prior to entering into the Master Services Agreement with Citicorp, Elite had over $20 million in annual sales and had expectations that both parties would increase sales to over $1.4 billion. (See Exhibit A, Complaint, Paragraphs 5, 8).

18.     Elite then alleges that due to Citicorp's actions, "Citicorp not only caused **catastrophic financial injury** to Elite but also caused Elite's reputation within the health-case-services patient financing industry to be irreparably damaged." (Exhibit A, Complaint, Paragraph 17) (emphasis added). "Catastrophic financial injury" to a party that has admitted sales of over $20 million prior to entering into the Master Services Agreement with Citicorp in 2003 supports a finding that the amount in controversy in this case meets or exceeds $75,000. Elite is seeking damages "including, but not limited to, "the value of Elite's business" which it alleges was unlawfully taken. (Id., Paragraph 23) (emphasis added). The alleged value of Elite's

---

> This Court places a burden on a defendant seeking to remove an action to federal court to show by preponderance of the evidence that the amount in controversy requirement has been met. *Gafford*, 997 F.2d at 158. **This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages."** *Id.*

Hayes v. Equitable Energy Resources Co., 266 F.3d at 572 (emphasis added); see also Handler v. Home Depot U.S.A., Inc., 2003 WL 21105079, *1 (N.D. Ohio 2003) (permitting removal and noting that "Plaintiff's prayer, as is typical in personal injury cases filed in state court, seeks judgment 'in an amount which exceeds $25,000, together with interest, costs, [and] attorney fees.' The stated medical and non-medical expenses total $48,752.29. The personal injury claim of Mr. Handler and the loss of consortium claim of Mrs. Handler do not specify a numerical figure although the complaint does attest to ongoing medical bills and special damages for treatment. Absent a stipulation by Plaintiffs that their claim seeks in excess of the jurisdictional amount, Defendant contends, and I agree, that the monetary jurisdictional requirement is more than adequately met in the complaint. When considering the continuing medical expenses in addition to the already incurred $48,000 of medicals along with a loss of consortium claim, the amount in controversy is clearly sufficient to meet the jurisdictional amount.") (int. cit. omit.) (a copy of this case is attached hereto as Exhibit D); Egan v. Premier Scales & Systems, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (permitting removal of case to federal court where complaint lacked ad damnum but defendant established by preponderance of evidence that amount in controversy would exceed $75,000, noting that the plaintiff "alleges termination due to age and sex discrimination, lost wages, benefits, humiliation and embarrassment; and willful, malicious and outrageous conduct. Given the nature of these charges and her demand for punitive damages, Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").

business, with annual sales alleged to have exceeded $20 million, that Citicorp allegedly "[took], without paying for . . ." clearly exceeds $75,000.

19. Elite also alleged that because of Citicorp' representations, Elite bypassed other business opportunities in a market that was growing dramatically. (Id., Paragraph 8). According to Elite's own allegations, Elite's share of the market was already at $20,000,000, so it is reasonable to find, for the purpose of ascertaining the amount in controversy, that Elite's alleged lost business opportunities alone, meet or exceed $75,000.

20. In addition to the compensatory damages that Elite seeks for the alleged catastrophic financial injury and loss business opportunities, Elite seeks **treble damages** and **attorney's fees** under the Tennessee Consumer Protection Act. As such, for the amount in controversy to meet or exceed $75,000 in this case, Elite's compensatory damages need only be $25,000.[4]

21. Based on the foregoing allegations in the Complaint, the amount in controversy substantially exceeds the jurisdictional limit of $75,000. Elite should not be capable of avoiding federal jurisdiction merely by omitting a specific ad damnum in the Complaint.[5]

22. Pursuant to 28 U.S.C. § 1446(d), Citicorp shall promptly give written notice of this removal to Elite's counsel and shall file a copy of said Notice of Removal with the Clerk of

---

[4] In calculating the amount in controversy for removal purposes, claims for punitive or treble damages should be taken into account, as well as statutorily provided claims for attorneys' fees. See, e.g., Jones Management Services, LLC v. KES, Inc., 296 F. Supp. 2d 892, 893-94 (E.D. Tenn. 2003) (noting that ad damnum of $60,000 in compensatory damages, with a request that damages be trebled under the Tennessee Consumer Protection Act, brought the ad damnum to more than the $75,000 threshold for diversity jurisdiction); see also H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326 (5th Cir. 2000) ("[w]hen a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees.").

[5] Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

- 6 -
339833

the Circuit Court of Hamilton County, Tennessee, from whence this case has sought to be removed.

WHEREFORE, Defendant Citicorp Payment Services, Inc. prays that this cause proceed in this Court as an action properly removed hereto.

DATED: December 9, 2005.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: /s/ Joshua A. Powers
Joshua A. Powers (BPR # 15639)
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800

*Attorneys for Defendant, Citicorp Payment Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been hand-delivered to the following this 9th day of December, 2005:

> Donald J. Aho, Esq.
> Robert F. Parsley, Esq.
> Miller & Martin PLLC
> 1000 Volunteer Building
> 832 Georgia Avenue
> Chattanooga, TN 37402

*/s/ Joshua A. Powers*

339833

- 8 -