UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ELITE PHYSICIANS SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:05-CV-344 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| CITICORP PAYMENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Before the Court is Defendant Citicorp Payment Services, Inc. ("Defendant")'s motion to transfer venue (Court File No. 8), along with Defendant's memorandum in support (Court File No. 9). Plaintiff Elite Physicians Services, LLC ("Plaintiff") filed a response to the motion (Court File No. 17), and Defendant filed a reply brief in further support of its motion (Court File No. 20). For the following reasons, the Court will **GRANT** Defendant's motion to transfer venue.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is a health-care services company (Court File No. 6, ¶ 5). Plaintiff offers credit services to doctors and other health-care providers which enable patients to finance medical procedures which are not covered by insurance (*Id.*). Plaintiff alleges its annual sales were $20 million by 2003 (*Id.*).

On April 9, 2003, Plaintiff and Defendant entered into a 32-page Master Services Agreement (the "Agreement") (Court File No. 6, ¶ 9; Court File No. 22, Exhibit A). The Agreement described in detail the parties' rights and obligations related to the financing of medical procedures which



were typically not covered by insurance (*Id.*). Section 10.09 of the Agreement contains a forum

selection clause, designating any New York state or federal court sitting in the Borough of

Manhattan as the exclusive forum to hear and determine all disputes arising out of or relating to the

Agreement. Section 10.09 of the Agreement also contains a choice of law provision stating the

Agreement shall be governed by and construed in accordance with the laws of the state of New

York.  Section 10.09 of the Agreement reads as follows:

> This Agreement shall be governed by, and construed in accordance with, the laws of
> the State of New York applicable to contracts executed in and to be performed in that
> State. All actions and proceedings arising out of or relating to this Agreement shall
> be heard and determined exclusively in any New York state or federal court sitting
> in the Borough of Manhattan. The parties hereto (a) submit to the exclusive
> jurisdiction of any state or federal court sitting in the Borough of Manhattan for the
> purpose of any action or proceeding arising out of or relating to this Agreement
> brought by any party hereto, and (b) irrevocably waive, and agree not to assert by
> way of motion, defense, or otherwise, in any such action or proceeding, any claim
> that it is not subject personally to the jurisdiction of the above-named courts, that its
> property is exempt or immune from attachment or execution, that the action or
> proceeding is brought in an inconvenient forum, that the venue of the action or
> proceeding is improper, or that this Agreement or the transactions contemplated by
> this Agreement may not be enforced in or by any of the above-named courts.

(Court File No. 9, Exhibit B; Court File No. 22, Exhibit A to Aff. of Boddicker).

On November 10, 2005, Plaintiff filed suit against Defendant in the Circuit Court of

Hamilton County, Tennessee (Court File No. 1, Exhibit A).  The allegations in the complaint arise

out of and relate to the Agreement.  (Court File No. 1, Exhibit A, e.g. ¶¶ 11 and 17, alleging

Defendant's conduct, "frustrate[d] the purpose of the [Master Services] Agreement.")

On December 9, Defendant removed this matter to this Court pursuant to 28 U.S.C. § 1441.

On December 20, 2005, Plaintiff filed an amended complaint (Court File No. 6), in which Plaintiff

confirmed the Court has proper subject matter jurisdiction over this case (Court File No. 6, ¶ 3).

Plaintiff repeated in its amended complaint Defendant's conduct "frustrate[d] the purpose of the

[Master Services] Agreement," (Court File No. 6, ¶ 11), and Plaintiff alleged Defendant wrongfully terminated Plaintiff from the Agreement (Court File No. 6, ¶ 15). Plaintiff states the amended complaint only alleges "a single-count complaint stating a claim under the Tennessee Consumer Protection Act" ("TCPA") (Court File No. 17, p. 9; Court File No. 6, ¶¶ 23-26). Defendant points to other language within the amended complaint which can be construed to assert causes of action for breach of contract and intentional misrepresentation (Court File No. 20, pp. 9-10). Citing the forum selection clause in the Agreement (quoted above), Defendant now moves this court for an order transferring venue in this matter to the United States District Court for the Southern District of New York.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), Defendant moves the Court to transfer the instant action to the United States District Court for the Southern District of New York (Court File No. 8). Section 1404(a) gives a federal district court discretion to transfer any civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Absent a valid and enforceable forum selection clause, the burden is on the moving party to establish the need for a change of forum and, absent an appropriate showing, the plaintiff's choice of forum will be given deference. *Paragon Fin. Group, Inc. v. Bradley Factor, Inc.*, No. 1:02-CV-222, 2003 WL 23471548, at *11 (E.D. Tenn. Dec. 4, 2003) (unpublished opinion); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947) ( "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.").

However, where the parties have agreed upon a valid and enforceable forum selection clause, the burden of proof is shifted to the non-moving party (here, Plaintiff) to prove why transfer is unreasonable under §1404(a). The Court is directed in a diversity case removed from state court, such as this one, to use federal law, particularly 28 U.S.C. § 1404(a), rather than state law, in deciding the validity of a venue-selection clause. *Wholesale Tape & Supply Co. v. iCode, Inc.,* 2005 WL 3535148, at *7 (E.D. Tenn. Dec. 22, 2005). *See Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 538 (6th Cir.2002) (holding "[a] district court sitting in diversity must apply a federal statute that controls the [venue dispute] before the court and that represents a valid exercise of Congress' constitutional powers.")(citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 27, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). "Forum selection clauses are presumed valid and should be enforced unless they would be unreasonable and unjust, or unless the plaintiff demonstrates such a clause is invalid for such reasons as fraud and overreaching."[1] *iCode, Inc.,* 2005 WL 3535148, at *7 (*citing M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). "Where a valid forum-selection clause exists, that clause must be considered in weighing the relevant factors, and the burden of persuasion shifts to the party opposing enforcement of the forum-selection clause." *Id.* at *8 (*citing Stewart Org.,* 487 U.S. at 29-30). In the Sixth Circuit, forum selection clauses, generally, should be enforced unless it would be unreasonable or unjust to do so. *Stewart Org.,* 487 U.S. at 29-30; *Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369, 374-75 (6th Cir. 1999); *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.,* 29 F.3d 1095, 1099 (6th Cir. 1994).

---

[1] Plaintiff does not allege any fraud or overreaching by Defendant in relation to the inclusion of the forum selection clause in the Agreement.

Case 1:05-cv-00344    Document 24    Filed 03/17/2006    Page 5 of 15

The Sixth Circuit has stated the following factors should be considered when evaluating a forum selection clause: the private interests and convenience of the parties, the convenience of the witnesses, system integrity, and fairness. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136-37 (6th Cir. 1991). A more recent decision of the Sixth Circuit presents three tests for determining when a forum selection clause may be unenforceable. These tests are for whether: 1) the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means, 2) the designated forum would be closed to the suit or it would not effectively or fairly handle the suit, or 3) the designated forum would be so seriously inconvenient as a forum that to require the plaintiff to bring suit there would be unjust. *Security Watch, Inc.*, 176 F.3d at 375.

Generally, the burden of proof to avoid a forum selection clause is upon the party seeking to avoid it. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). *See also M/S Bremen*, 407 U.S. at 15-17. Moreover, it is considered to be a heavy burden to meet. *See Shute*, 499 U.S. at 592 ("even where the forum clause establishes a remote forum for resolution of conflicts, 'the party claiming [unfairness] should bear a heavy burden of proof.'")(quoting *M/S Bremen*, 407 U.S. at 17).

Forum selection clauses are also "subject to judicial scrutiny for fundamental fairness." *Shute*, 499 U.S. at 595. In conducting this fairness inquiry, a federal court considers a number of factors including: (1) the identity of the law which governs the construction of the contract; (2) the place of execution of the contract; (3) the place where the transactions have been or are to be performed; (4) the availability of remedies in the designated forum; (5) the public policy of the initial forum state; (6) the location of the parties; (7) the relative bargaining power of the parties and the circumstances surrounding their dealings; and (8) the conduct of the parties. *See M/S Bremen*,

5

407 U.S. 1.

III.   **DISCUSSION**

    **A.**    **The United States District Court for the Southern District of New York is a Proper Venue.**

When ruling upon a motion to transfer venue, the Court must first determine whether the plaintiff could have brought its claims in the contractually agreed upon forum. The suit may be transferred only to a district where the plaintiff would have had a right, independent of the defendant's wishes, to bring the action. *Union Planters Bank, N.A. v. EMC Mortg. Corp.*, 67 F.Supp. 2d 915, 920 -921 (W.D. Tenn. 1999) *(citing Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). Thus, the district to which the suit is to be transferred must, generally, also meet all the requirements for personal and subject matter jurisdiction.

The Court finds this case could have been brought in the United States District Court for the Southern District of New York. There is no dispute diversity jurisdiction would exist in that court under 28 U.S.C. § 1332 as it does here (Court File No. 6, ¶3; Court File No. 1, Notice of Removal, ¶¶ 4-8). Venue would be proper in the Southern District of New York under 28 U.S.C. § 1391(a), which provides a civil action under diversity jurisdiction may be brought in a judicial district where any defendant resides. Defendant maintains offices in New York and has regularly conducted business in New York, New York including the borough of Manhattan since 1998 (Court File No. 20, Exhibit 1, ¶¶ 8, 9). Under 28 U.S.C. § 1391(c), Defendant resides in the Southern District of New York as it is a corporation subject to personal jurisdiction in that district.[2]

_____

    [2] A New York court may exercise personal jurisdiction over any non-domiciliary, who in person or through an agent, transacts any business within the state or contracts anywhere to supply

6

Case 1:05-cv-00344    Document 24    Filed 03/17/2006    Page 7 of 15

**B.      Section 10.09 of the Agreement Contains a Valid, Enforceable Forum Selection Clause.[3]**

Plaintiff argues the forum selection clause contained in the Agreement is either invalid due to fraud related to the Agreement as a whole, or it is inapplicable because the present action is not one for breach of contract.[4] As stated above, the most recent decision of the Sixth Circuit presents three tests for determining when a forum selection clause may be unenforceable. These tests are for whether: (1) the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means; (2) the designated forum would be closed to the suit or it would not effectively or fairly handle the suit; or (3) the designated forum would be so seriously inconvenient as a forum that to require the plaintiff to bring suit there would be unjust. *Security Watch, Inc.*, 176 F.3d at 375. Plaintiff has not submitted any evidence sufficient to find the United States District Court for the Southern District of New York would be closed to the suit or it would not effectively or fairly handle the suit.

Unless affected by fraud, undue influence, or overweening bargaining power, the forum selection clause should be given full effect. *Kerobo*, 285 F.3d at 543. Plaintiff does not argue the *forum selection clause* was entered into on the basis of fraud (Court File No. 6). As in *Kerobo*, there is no claim of fraud or overreaching in including the forum selection clause in the Agreement. Rather, Plaintiff argues Defendant fraudulently induced it to enter into the Agreement *as a whole*

---

goods or services in the state. C.P.L.R. §302(a)(1)

[3]The Court finds no merit to Plaintiff's argument Defendant has not proved the existence of the forum selection clause within the Agreement.

[4]Plaintiff "strenuously disputes the validity of the forum selection clause" because Plaintiff "has not sued [Defendant] for breach of the parties' agreement" and because Plaintiff "has affirmatively stated that it was induced to enter into the agreement by Defendant's false and fraudulent representations." (Court File No. 17, p.7)

Case 1:05-cv-00344    Document 24    Filed 03/17/2006    Page 8 of 15

(Court File No. 6).

Alleging a party fraudulently induced another party to enter into a contract as a whole is not sufficient to invalidate a forum selection clause contained in the contract. "When plead generally, claims of fraud, deceit and misrepresentation do not relate to a forum selection clause." *Moses*, 929 F.2d at 1138. It is well settled "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause to *agree to inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Id.* (emphasis in original); *Long v. Dart Int'l, Inc.*, 173 F.Supp. 2d 774, 777 (W.D. Tenn. 2001).

The only remaining argument to render the forum selection clause unenforceable requires Plaintiff to show bringing the suit in New York would be so inconvenient to render it unjust. As noted above, Plaintiff bears a heavy burden. The Plaintiff's circumstances do not carry such a burden. The physical evidence necessary to resolve the claims asserted by Plaintiff is expected to consist mainly of electronic and paper documents, which will be easily transferable (Court File No. 9, Exhibit C). Further, the majority of the non-party witnesses in the lawsuit are expected to be employees of Citicorp who are located outside the state of Tennessee (Court File No. 20, Exhibit 1, 3). Plaintiff anticipates calling several non-party witnesses located in or near Chattanooga, Tennessee, who were formerly employed by Plaintiff but over whom it now exercises no control (Court File No. 17, pp. 14-16). The inconvenience of having these witnesses travel to New York does not render litigating the suit in New York unjust. Therefore, the Court finds the forum selection clause valid and enforceable.

C.    **The Forum Selection Clause Applies to the Present Litigation.**

As quoted above, the plain language of the forum selection clause in Section 10.09 of the Agreement states "all actions and proceedings arising out of or relating to this Agreement shall be heard and determined exclusively in any New York state or federal court sitting in the Borough of Manhattan." Plaintiff alleges Defendant engaged in an unfair and deceptive course of conduct which frustrated the purpose of the Agreement (Court File No. 6, ¶¶ 11, 19). As such, Plaintiffs claims arise out of and relate to what Plaintiff claims to be Defendant's improper acts under the terms of the Agreement. Since the underlying dispute in this action relates to the Agreement, under the plain language of Section 10.09, the dispute falls within the scope of the forum selection clause to which the parties consented. Therefore, the forum selection clause applies to this litigation.

**D.    Public Policy Does Not Require a Denial of Defendant's Motion..**

Arguing against the enforcement of the forum selection clause in the Agreement, Plaintiff argues Tennessee has a strong public policy in favor of keeping claims based upon alleged violations of the TCPA in the state of Tennessee. The United States Supreme Court, the Sixth Circuit, and district courts within Tennessee have all addressed the situation where a motion to transfer venue has been filed in a forum with a strong public policy against forum selection clauses – and each has held a transfer is permissible despite the contrary strong public policy of the forum state. *Stewart Org.*, 487 U.S. at 28; *Kerobo*, 285 F.3d at 544-45; *iCode, Inc.*, 2005 WL 3535148 at *6. In so holding, the courts found the presence of a strong state policy disfavoring forum selection clauses to be nonbinding on federal courts and only one of many factors which should be considered. *Stewart Org.*, 487 U.S. at 31; *Kerobo*, 285 F.3d at 544-45; *iCode, Inc.*, 2005 WL 3535148, at *6.

As evidenced by other decisions in the Sixth Circuit, Tennessee public policy does not

9

prohibit the enforcement of forum selection clauses. *See, e.g., Security Watch, Inc.*, 176 F.3d 369, 370 n.1, 376 (6th Cir 1999)(where the defendant was a Tennessee resident and the forum selection clause was upheld); *Union Planters Bank, N.A.,* 67 F.Supp. 2d 915. "Under Tennessee law, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by resisting party to be unfair and inequitable." *Security Watch, Inc.*, 176 F.3d at 375 (citing *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983)).

Plaintiff argues because the forum selection clause in the Agreement contains a provision limiting venue for disputes to courts outside the state of Tennessee, the TCPA renders the entire forum selection clause void as a matter of public policy. While the language of this statute would at first seem to, as Plaintiff argues, void the venue section of forum selection clause, in at least one case brought under the TCPA, a Tennessee court has upheld a forum-selection provision in an arbitration clause calling for non-Tennessee fora as valid under Tennessee law. *See Tennsonita, Inc. v. Cucos, Inc.*, 1991 WL 66993 (Tenn.Ct.App. May 2, 1991). Further, a federal court in Tennessee has enforced a forum-selection clause in an action brought under the TCPA. *See Long*, 173 F.Supp. 2d at 779. Therefore, the Court will not invalidate the forum selection clause on public policy grounds.

E.    **Plaintiff Has Not Met Its Burden to Show the Forum Selection Clause is Fundamentally Unfair.**

Since a valid, presumptively enforceable forum selection clause is present, Plaintiff bears a heavy burden in proving the forum selection clause is unfair. *Long*, 173 F.Supp. 2d at 777 (noting party opposing motion to transfer TCPA claim faces "a particularly heavy burden of proof because forum selection clauses are presumptively enforceable"); *see also Shute*, 499 U.S. at 592 ("even where the forum clause establishes a remote forum for resolution of conflicts, the party claiming

10

[unfairness] should bear a heavy burden of proof").

An illustrative example of the burden which must be overcome by a party seeking to invalidate a forum selection clause is the case of *Interamerican Trade Corp. v. Companhia Fabricadora de Pecas*, 973 F.2d 487 (6th Cir. 1992). In this case, Interamerican Trade Corporation sought to avoid enforcement of a forum selection clause mandating jurisdiction in Brazil, as it had its principal place of business in Ohio. After considering the designated forum and other factors in Interamerican's favor, the Sixth Circuit dismissed the lawsuit, holding the forum selection clause was valid and enforceable.

As stated above, the Court considers a number of factors when conducting a fairness inquiry of a forum selection clause, including: (1) the identity of the law which governs the construction of the contract; (2) the place of execution of the contract; (3) the place where the transactions have been or are to be performed; (4) the availability of remedies in the designated forum; (5) the public policy of the initial forum state; (6) the location of the parties; (7) the relative bargaining power of the parties and the circumstances surrounding their dealings; and (8) the conduct of the parties. *M/S Bremen*, 407 U.S. 1. The Court will address each of these factors in turn.

First, according to Section 10.09 of the Agreement, New York law governs the Agreement. This factor weighs in favor of enforcing the forum selection clause. Second, affidavits of Defendant's employees indicate much of the negotiations prior to entering into the agreement occurred during telephone conversations between Tennessee and New York (Court File No. 20, Exhibit 3, ¶9). Plaintiff alleges these conversations were between Deerfield Illinois and Tennessee and Defendant's agents traveled to Tennessee to encourage Plaintiff to enter into the Agreement (Court File No. 17, Declaration of Dr. Dressler). For the purposes of the present motion, the Court

11

assumes the conduct at issue occurred in Tennessee. This factor supports Plaintiff's position.

Fourth, there is no indication any remedy available to Plaintiff in Tennessee is unavailable in New

York. This factor weighs in favor of enforcing the forum selection clause.

Fifth, as stated above, the public policy of Tennessee would not be contravened by litigating

this case in New York. *See, e.g., Security Watch, Inc.*, 176 F.3d 375-76; *Long*, 173 F.Supp. 2d 779.

This factor supports enforcement of the forum selection clause. Sixth, Defendant's agent who

signed the Agreement was a citizen of New York, New York at the time the contract was signed.

Further, Defendant resided in the forum state for the purposes of personal jurisdiction as they

regularly conducted business in New York. This factor also supports the enforcement of the forum

selection clause. According to Plaintiff, Defendant flew down to Tennessee to encourage Plaintiff

to enter into the Agreement. Therefore, there is no support for an allegation Defendant had greater

bargaining power. This supports enforcement of the clause. Finally, as discussed above, there is

no allegation of fraud in the inducement with regard to the forum selection clause. This factor also

weighs in favor of enforcing the forum selection clause.

In reviewing these eight factors, the court narrowly construes what is unreasonable or unfair.

*See In Flight Devices v. Van Dusen Air, Inc.*, 466 F.2d 220, 234 n. 4 (6th Cir. 1972). The burden

of proof to avoid the selection clause, meanwhile, is upon Plaintiff. *Shute*, 499 U.S. at 586. Plaintiff

fails to meet this burden or show any change of circumstances under which it would be unreasonable

to enforce the forum selection clause.

### F.    Plaintiff Fails to Meet it Burden to Show Why This Case Should Not Be Transferred Pursuant to 28 U.S.C. §1404(a).

Courts within the Sixth Circuit have identified nine factors which should be considered when

ruling upon a motion to transfer venue under 28 U.S.C. § 1404(a):

> (1) the convenience of witnesses; (2) the location of relevant documents and relative
> ease of access to sources of proof; (3) the convenience of the parties; (4) the locus
> of the operative facts; (5) the availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity
> with the governing law; (8) the weight accorded the plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the
> circumstances.

*Warner v. Fuller Rehabilitation and Consulting Servs., Inc.*, 2005 WL 1490071, *3 (E.D. Tenn. June 23, 2005); *see also Moses*, 929 F.2d at 1137. The burden is on Plaintiff to show why each of these factors weighs in favor of retaining the case in Tennessee. Further, the presence of a forum selection clause has been found to weigh heavily in a court's application of the factors. *See, e.g., iCode, Inc.*, 2005 WL 3535148 at *8 ("Weighing heavily in the Court's analysis is the valid forum-selection provision which constitutes a private agreement on venue."); *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 820 (W.D. Mich. 2002) ("As the Supreme Court directed in *Stewart*, this Court must give the parties' forum selection clause significant weight in its transfer analysis").

The Court has already discussed many of these nine factors. The convenience of non-party witnesses does not favor keeping this case in Tennessee any more than it favors transferring the case to a New York court. As stated earlier, the physical evidence necessary to resolve the Plaintiff's claims will likely consist of electronic and paper documents, which does not favor keeping the case in Tennessee (Court File No. 8, Exhibit C). Plaintiff claims the locus of operative facts is not in New York (Court File No. 17, p. 19). Taking this allegation as true for the purposes of this motion, this factor would favor keeping the case in Tennessee. As non-party witnesses are located in New York and Tennessee, the availability of process to compel the attendance of unwilling witnesses does not favor either side.

In respect to the means and convenience of the parties, the presence of a forum selection

13

clause practically precludes Plaintiff from arguing its inconvenience in litigating this cause of action in the contractually agreed upon forum of the Southern District of New York. *Moses*, 929 F.2d at 1138-39 (noting plaintiff's expense of litigating in contractually agreed upon forum is not grounds for invalidation of forum selection clause); *see also Ohio Sav. Bank v. Manhattan Mortg. Co., Inc.*, 2005 WL 1075054, *4 (N.D. Ohio May 5, 2005) (noting additional expense to be incurred by party opposing forum selection clause "is not a basis for finding it invalid."); *Viron Int'l Corp.*, 237 F. Supp. 2d 812, 816 (W.D. Mich. 2002) ("The parties' convenience is already reflected in the mandatory forum selection clause."); *Detroit Coke Corp. v. NKK Chemical USA, Inc.*, 794 F. Supp. 214, 220 (E.D. Mich. 1992) ("the Sixth Circuit explicitly held that a claim of financial hardship cannot be used to invalidate a bargained-for forum selection clause in *Moses*").

Moreover, the Sixth Circuit has been unsympathetic to such arguments. As referenced above, in *Interamerican Trade Corp. v. Companhia Fabricadora De Pecas*, 973 F.2d 487 (6th Cir. 1992), the court held a forum selection clause in freely negotiated private agreement, which required litigation of disputes in Brazil, was enforceable, even though plaintiff would not be afforded jury trial, Brazilian judicial process was very slow, and plaintiff would have to deposit over $2.2 million as security. The Sixth Circuit held the Brazilian courts were fully competent, and plaintiff had full opportunity to consider ramifications of forum selection clause during contract negotiations. *Id.*

The forum's familiarity with the governing law is a factor against retaining the case in Tennessee. As stated above, Section 10.09 of the Agreement states New York law is to govern the resolution in this case. The Court has no doubt a New York court can competently apply case precedent involving the TCPA. Further, as New York law will apply to other aspects of this case, beyond Plaintiff's TCPA claim, this factor favors transferring the case to New York.

14

Based on all the factors stated above, Plaintiff's choice of a forum in Tennessee does not weigh heavily in favor of keeping the case in Tennessee because Plaintiff signed the Agreement which contained a forum selection clause in Section 10.09. Based on the totality of the circumstances, including the presence of a valid and enforceable forum selection clause, the Court finds Plaintiff has not shown the needs of the parties or justice require the Court to ignore the agreed-upon forum selection clause. Therefore, the Court will **GRANT** Defendant's motion to transfer venue (Court File No. 8).

## III. CONCLUSION

For the reasons listed above, the Court will **GRANT** Defendant's motion to transfer venue (Court File No. 8). The Court will **ORDER** venue in this matter be transferred to the United States District Court for the Southern District of New York.

An Order shall enter.

/s/_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

15