UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELITE PHYSICIAN SERVICES, LLC,

    Plaintiff,

-against-

CITICORP PAYMENT SERVICES, INC.,

    Defendant.

------------------------------------------------------------x

No. 1:06-cv-02447-BSJ

**AFFIRMATION OF ROBERT F. PARSLEY IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS**

Robert F. Parsley affirms under penalty of perjury:

1. I am a resident of Hamilton County, Tennessee, and am counsel for Elite Physician Services, LLC ("Elite"). I have personal knowledge of the matters set forth herein. This declaration is provided in support of Elite's Motion to Voluntarily Dismiss Without Prejudice.

2. On or about September 7, 2006, a teleconference was held in which I, Don Aho (counsel for Elite) and Josh Powers (counsel for CCSI (USA) and CPSI) participated. During this teleconference, Mr. Powers was informed that Elite believes Citicorp Payment Services, Inc. ("CPSI") is likely a mere shell entity and that Elite was considering voluntarily dismissing without prejudice its action against CPSI in the Southern District of New York. It was requested that Mr. Powers confer with Bruce Schneider, counsel for CPSI and CCSI (USA), in order to determine whether CPSI would stipulate to voluntary dismissal of the CPSI action without prejudice.

3303134_1.DOC

1



EXHIBIT J

3. A subsequent teleconference was held on or about September 13, 2006 in which Mr. Schneider and I participated. During this teleconference, Mr. Schneider stated that he and Mr. Powers had discussed the fact that Elite was considering voluntarily dismissing its action against CPSI. In response to my question whether CPSI would stipulate to voluntarily dismissal without prejudice of Elite's action against CPSI, Mr. Schneider indicated that he would need to confer with CPSI but intimated that CPSI would likely be disinclined to agree. In response to my question whether CPSI is merely a shell entity without current operations and substantial assets, Mr. Schneider stated that at the present time he could not provide responsive information. Finally, in response to my question whether Elite could expect to receive documents responsive to its requests for production, Mr. Schneider stated that CPSI wants to avoid the additional work involved in separating documents relative to the two separate actions and that unless Elite finds some way to transfer its action against CCSI (USA) to the Southern District of New York, CPSI would not produce documents relative to CCSI (USA). Mr. Schneider also stated that CPSI's answers to Elite's initial interrogatories were being impeded by this same issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this \_\_\_24th\_\_\_ day of October, 2006 in Hamilton County, Tennessee.

_____
Robert F. Parsley
Miller & Martin PLLC