UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ELITE PHYSICIAN SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-CV-86 |
| | ) | |
| v. | ) | *Mattice/Carter* |
| | ) | |
| CITICORP CREDIT SERVICES, INC. (USA), | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS OR TRANSFER**

# Defendant's Collective Exhibit C

**The public records that comprise Exhibit D can be found at the following websites:**

http://www.sunbiz.org/corpweb/inquiry/search.html

http://www.occ.treas.gov/interp/sep06/cd06-08.pdf

www.occ.treas.gov/interp/sep06/intsep06.htm

www.microsoft.com/presspass/press/2003/jan03/01-13CitibankRMSPR.mspx

www.microsoft.com/presspass/press/2003/jul03/07-28rms12releasepr.mspx

http//69.80.208.235/bmiusacom/pdf/ms_rms_integrated_card_processing.pdf

http://www.smithbarney.com/products_services/private_business_services/businessfma/bus_admin.html?33d

http://www.citibank.com/us/cards/merchant/



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

**Corporate Decision #2006-08**
**September 2006**

August 3, 2006

Mr. James E. Scott
Assistant General Counsel
Citigroup, Inc.
425 Park Avenue
New York, NY 10022

Re: Applications by Citibank, N.A., Citibank (South Dakota), N.A., and certain affiliates to
internally reorganize and consolidate certain banking and credit card operations
Application Control Numbers: 2006-ML-01-0004; 2006-ML-01-0005; 2006-ML-02-0009;
2006-ML-02-0010; 2006-ML-02-0011; 2006-ML-02-0012; 2006-ML-08-0006;
2006-ML-08-0007; 2006-ML-11-0001; 2006-ML-11-0002; 2006-ML-12-0193; and
2006-ML-12-0194

Dear Mr. Scott:

The Office of the Comptroller of the Currency ("OCC") hereby approves the applications
described below, for the reasons and subject to the requirements set forth herein. These
applications pertain to an internal reorganization of various Citigroup, Inc., banking subsidiaries
and certain affiliates[1] that will combine a significant portion of Citigroup, Inc.'s domestic
commercial and retail branch banking operations into Citibank, National Association, and its
credit card operations into Citibank (South Dakota), N.A. These decisions are granted based on
a thorough review of all information available, including commitments and representations made
in the application and the merger agreement and those of your representatives.

**List of Applications Approved**

Application to convert Citibank, Federal Savings Bank, 11800 Spectrum Center Drive, Reston,
Virginia (a federal thrift) into a national bank, with the resulting name of CFSB, National
Association, and to retain the existing branches of the bank after conversion (2006-ML-01-
0004). The OCC's approval of this application includes the retention of the bank's existing
branches after conversion.

Application to convert Citibank (West), FSB, One Sansome Street, San Francisco, California (a
federal thrift) into a national bank, with the resulting name West, National Association, and to

---

[1] The applicants initially published notice of these applications on June 1, 2006. No public comments were
received.

August 3, 2006
Mr. James Scott
Page 2

retain the existing branches of the bank after conversion (2006-ML-01-0005). [2]  The OCC's approval of this application includes the retention of the bank's existing branches after conversion.

Application to merge CFSB, National Association; West, National Association; Citibank Texas, National Association, 8401 North Central Expressway, Suite 500, Dallas, Texas; Citibank (Delaware), One Penn's Way, New Castle, Delaware; and Citibank (Banamex USA), 2029 Century Park East, Suite 4200, Century City, California, with and into Citibank, National Association (2006-ML-02-0009).  The resulting main office will be located at an existing branch located at 3900 Paradise Road, Suite 127, Las Vegas, Nevada.  The OCC's approval includes the retention of all other branches and main offices of the participating banks.  The approval also includes approval for Citibank, National Association, subsequently to establish branches at the locations for which Citibank, Federal Savings Bank, Citibank (West) FSB, and Citibank Texas, National Association, have approved but unopened branches at the time of the conversions and interstate merger.

Application to merge Citicorp Trust, National Association, 787 West Fifth Street, Los Angeles, California (an uninsured limited purpose national trust bank) with and into Citibank, National Association (2006-ML-02-0010).

Application by Citibank, National Association to hold Citigroup Trust – Delaware as an operating subsidiary (2006-ML-08-0006).

Application by Citibank (South Dakota), N.A. to hold Department Stores National Bank as an operating subsidiary (2006-ML-08-0007).

Application by Citibank (South Dakota), N.A. to receive from Citibank, National Association a material non-cash contribution of the stock of Department Stores National Bank, Citicorp Credit Services, Inc. (USA)(an operating subsidiary of Citibank, National Association) and Citicorp Payment Services, Inc. (an operating subsidiary of Citibank, National Association) (2006-ML-12-0193).

Application by Citibank, National Association for a dividend-in-kind to its sole shareholder, Citicorp Holdings, of the stock of Citibank (South Dakota), N.A., a subsidiary of Citibank, National Association (2006-ML-12-0194).

Application to merge Citibank USA, National Association, 701 East 60th Avenue, Sioux Falls, South Dakota (a national credit card bank not limited to CEBA activities) and Citibank (Nevada), National Association ("CBNV") with and into Citibank (South Dakota), N.A. (2006-ML-02-0011).

---

[2] In addition, the OCC approved a waiver of the directors' residency requirement for CFSB, National Association and West, National Association since these banks will only exist for a moment in time before being merged into Citibank, National Association.

August 3, 2006
Mr. James Scott
Page 3

Application by Citibank (South Dakota), N.A. to purchase and assume certain assets and liabilities of Universal Financial Corp., 2855 East Cottonwood Parkway, Suite 120, Salt Lake City, Utah (a Utah state industrial loan company) (2006-ML-02-0012).

**List of Change in Bank Control Notices**

Notice of Change in Bank Control by Citibank, National Association to acquire control of Citigroup Trust – Delaware, 824 Market Street, Wilmington, Delaware (2006-ML-11-0001). The OCC deems this Notice to be technically complete and poses no objection.

Notice of Change in Bank Control by Citibank (South Dakota), National Association to acquire control of Department Stores National Bank, 701 East 60th Street, Sioux Falls, South Dakota (a national credit card bank limited to CEBA activities) (2006-ML-11-0002). The OCC deems this Notice to be technically complete and poses no objection.

The OCC reviewed the Notices for Change in Bank Control, and determined that the statutory factors under the Change in Bank Control Act are consistent with this decision.

**Description of the Transactions and Legal Authority**

**A.    Reorganization of Commercial and Retail Branch Banking Operations**

In this reorganization, several of Citigroup's insured depository institutions that conduct commercial and retail banking operations will be combined into the lead bank, Citibank, N.A. ("CBNA").

First, Citibank, Federal Savings Bank, ("CFSB"), a federal savings bank with its home office in Reston, Virginia, will convert to a national bank, CFSB, National Association ("CFSB-NA"), under 12 U.S.C. § 1464(i)(5)(A). CFSB operates branches in Connecticut, Florida, Illinois, Maryland, New Jersey, Texas, Virginia, and the District of Columbia. Some branches in each state were in operation prior to the date of enactment of section 1464(i)(5)(A) in the Gramm-Leach-Bliley Act (prior to November 12, 1999), and those branches will be retained under the authority of section 1464(i)(5)(A). Branches opened afterwards in each state by CFSB will be continued by CFSB-NA under 12 U.S.C. § 36(c). A waiver of the residency requirement for the board of directors of CFSB-NA is requested under 12 U.S.C. § 72.

Second, Citibank (West), FSB, ("WEST") a federal savings bank with its home office in San Francisco, California, also will convert to a national bank ("WEST-NA") under 12 U.S.C. § 1464(i)(5)(A). WEST operates branches in California and Nevada. Some branches in each state were in operation prior to the date of enactment of section 1464(i)(5)(A), and those branches will be retained under the authority of section 1464(i)(5)(A). Branches opened afterwards in each state by WEST will be continued by WEST-NA under 12 U.S.C. § 36(c). A

August 3, 2006
Mr. James Scott
Page 4

waiver of the residency requirement for the board of directors of WEST-NA is requested under 12 U.S.C. § 72.

Third, CFSB-NA, WEST-NA, Citibank Delaware, ("CBDE") New Castle, Delaware, Citibank Texas, National Association, ("CBTX") Dallas, Texas, and Citibank (Banamex USA) ("CBB"), Los Angeles, California, will merge with and into CBNA, under the charter and title of CBNA under 12 U.S.C. §§ 215a-1, 1828(c), and 1831u (the "Interstate Merger"). It is contemplated that the Interstate Merger will occur immediately after the conversions of CFSB and WEST. All the banks are insured by the Federal Deposit Insurance Corporation. At the time of the Interstate Merger, CFSB-NA and WEST-NA will have branches in the states listed above; CBTX will have branches in Texas and will have at least one branch in each of Massachusetts and Pennsylvania;[3] CBDE and CBB each will have only their main offices; and CBNA will have its main office and branches in New York.[4]

In the Interstate Merger, CBNA, as the bank resulting from the Interstate Merger, will retain a branch office of WEST-NA in Las Vegas, Nevada, as the main office of the resulting bank under 12 U.S.C. § 1831u(d)(1), and will retain the main offices and other branches of all of the participating banks as branches after the Interstate Merger under 12 U.S.C. §§ 36(d) & 1831u(d)(1).[5]

Fourth, Citicorp Trust, National Association, ("CTCA"), Los Angeles, California, will merge with and into CBNA, under the charter and title of CBNA under 12 U.S.C. § 215a.[6] CTCA is a noninsured, nondepository national bank whose operations are limited to those of a trust company. It engages in trust and other fiduciary services from offices Los Angeles and San Francisco. The California Trust Merger will occur after the Interstate Merger at which time CBNA will have branches in California.

---

[3] CBTX applied to the OCC for branches in Massachusetts and Pennsylvania on June 30, 2006. CBTX plans to open one branch in Massachusetts on September 28, 2006, and one branch in Pennsylvania on September 21, 2006. The remaining branches in Massachusetts and Pennsylvania would open at various times in 2006 and 2007, after the proposed Interstate Merger (planned to occur on October 1, 2006).

[4] CBNA also operates branches in Puerto Rico, Guam, and more than 100 foreign countries. Those branches are not affected by these applications and will continue as branches of CBNA afterwards.

[5] The application also included lists of approved but unopened branches for CFSB, WEST and CBTX, and pending branch applications for CBTX. Some of these branches will have opened before the conversions and Interstate Merger occur and will become branches of CBNA in the Interstate Merger. Others are not scheduled to open until after the Interstate Merger. After the Interstate Merger has occurred, CBNA will have branches in the relevant states, and the remaining branches would be opened by CBNA under the authority of 12 U.S.C. § 36(c) and 12 U.S.C. § 1831u(d)(2).

[6] CBNA also applied to the Federal Deposit Insurance Corporation ("FDIC") for approval under the Bank Merger Act for the merger of CTCA. Under the Bank Merger Act, approval of the FDIC is required when a noninsured bank merges into an insured bank. 12 U.S.C. § 1828(c)(1)(A).

August 3, 2006
Mr. James Scott
Page 5

Fifth, Citigroup Trust – Delaware, National Association, ("CTDE") Wilmington, Delaware, will be moved from elsewhere in the Citigroup organization to become an operating subsidiary of CBNA. CTDE is a noninsured, nondepository national bank whose operations are limited to those of a trust company. It engages in trust and other fiduciary services from its main office in Wilmington and from ten trust offices located in Arizona, California, Florida, Michigan, New Jersey, New York, South Dakota, and Texas. This transaction involves a Change in Control filing by CBNA and by Citicorp Holdings, Inc., (the immediate parent of CBNA) under 12 C.F.R. § 5.50 to acquire the stock of CTDE, an operating subsidiary application by CBNA under 12 C.F.R. § 5.34 for CBNA to acquire CTDE as an operating subsidiary, and an after-the-fact notification by CBNA under 12 C.F.R. § 5.46(i)(3) for a nonmaterial noncash contribution to the capital surplus of CBNA.

## B.    Reorganization of Credit Card Operations

Currently, Citibank (South Dakota), N.A. ("CBSD"), Sioux Falls, South Dakota, is a limited purpose credit card bank. It limits its operations to conform with the requirements of 12 U.S.C. § 1841(c)(2)(F), so that it is not a "bank" for purposes of the Bank Holding Company Act. It is an operating subsidiary of CBNA. In this reorganization, several other Citigroup entities that conduct or assist in conducting credit card operations will be consolidated within or under Citibank (South Dakota), N.A., and Citibank (South Dakota) itself will be moved from being an operating subsidiary of CBNA to become a direct subsidiary of Citigroup.

First, three other subsidiaries of CBNA will be contributed to CBSD and become operating subsidiaries of CBSD. The subsidiaries are: (1) Department Stores National Bank, ("DSNB"), Sioux Falls, South Dakota, another limited purpose credit card bank that is not considered a "bank" under the Bank Holding Company Act; (2) Citicorp Credit Services, Inc. (USA) ("CCSI-USA"), a company that provides a wide range of back office and other services to CBSD and its affiliates; and (3) Citicorp Payment Services, Inc., ("CPSI"), a company that provides merchant and transaction processing and account servicing. This step includes a Change in Control filing by CBSD under 12 U.S.C. § 1817(j) and 12 C.F.R. § 5.50 to acquire the stock of DSNB, an operating subsidiary application by CBSD under 12 C.F.R. § 5.34 for CBSD to acquire DSNB as an operating subsidiary, and an application by CBSD under 12 C.F.R. § 5.46(g)(1)(i)(C) for a material noncash contribution to its capital. It also includes after-the-fact notifications by CBSD for its acquisition of CCSI-USA and CPSI as operating subsidiaries under 12 C.F.R. §§ 5.34(e)(5)(iv), 5.34(e)(5)(v)(A), (B) & (D).

Second, CBNA will distribute the stock of CBSD up to its immediate holding company, Citicorp Holdings, Inc., which in turn will distribute the stock up to Citigroup, so that CBSD becomes a direct subsidiary of Citigroup. This step includes an application to the OCC for approval for a dividend payable in property other than cash under 12 C.F.R. § 5.66 and an application for a reduction in permanent capital under 12 C.F.R. § 5.46(h).

Third, CBSD will amend its Articles of Association under 12 U.S.C. § 21a to remove the provision limiting CBSD to the activities of a credit card bank specified in the Competitive

August 3, 2006
Mr. James Scott
Page 6

Equality Banking Act of 1987 (12 U.S.C. § 1841(c)(2)(F)), so that CBSD may engage in any activities permitted for a national bank.

Fourth, Citibank (Nevada), National Association, ("CBNV"), Las Vegas, Nevada, will merge with and into CBSD under 12 U.S.C. §§ 215a-1, 1828(c), and 1831u, and Citibank USA, National Association, ("CUSA"), Sioux Falls, South Dakota, will merge with and into CBSD under 12 U.S.C. § 215a. In addition, CBSD will purchase substantially all of the assets and assume substantially all of the liabilities of Universal Financial Corporation, ("UFC"), Salt Lake City, Utah, a Utah-chartered industrial bank.[7] All the banks are insured by the Federal Deposit Insurance Corporation. CBNV, CUSA, and UFC each operates from its main office and does not maintain branches. CBSD will not acquire any branches in these transactions. CUSA's business focuses primarily on the issuance of credit cards and the servicing of credit card and student loan accounts. CBNV's and UFC's business focus primarily on participation in credit card receivables from affiliated banks and accepting deposits to fund such participations.

**Retention of Operating Subsidiaries**

The OCC approves WEST-NA's and, subsequently, CBNA's investment in the following permissible operating subsidiaries:

1.     ***Cal Fed Holdings, Inc. and FNB Real Estate Corp.*** Cal Fed Holdings, Inc. is a holding company that owns FNB Real Estate Corp. FNB Real Estate Corp. holds commercial real estate acquired in satisfaction of debts previously contracted. FNB Real Estate Corp. holds a single real estate asset which is a ground lease on a warehouse in California. Holding property acquired DPC is a permissible activity for national banks and their operating subsidiaries. 12 U.S.C. § 29(Third) & (Fourth); 12 C.F.R. Part 34, Subpart E; 12 C.F.R. § 5.34(e)(5)(v)(A).

2.     ***CitiFinancial Auto Credit, Inc.*** engages in automobile finance, a permissible activity for national banks and their operating subsidiaries. 12 U.S.C. § 24(Seventh); 12 C.F.R. § 7.4008; 12 C.F.R. § 5.34(e)(5)(v)(C)&(D).

3.     ***CitiMortgage, Inc., ("CMI")***, both directly and indirectly through its subsidiaries, engages in mortgage banking, mortgage servicing, consumer lending, and ancillary activities. One of CMI's subsidiaries (Citicorp Mortgage Securities, Inc.) packages mortgage loans for sale or securitization. Another CMI subsidiary (First Collateral Services, Inc.) engages in commercial mortgage warehouse lending. Another CMI subsidiary (Five Star Service Corporation) acts as trustee on deeds of trust for mortgage loans.[8] These are all permissible activities for

---

[7] After the purchase and assumption, UFC will be liquidated and dissolved.

[8] Another subsidiary of West, Franciscan Financial Corporation, is a holding company for San Francisco Auxiliary Corporation, which also acts as trustee on deeds of trust for real estate loans.

August 3, 2006
Mr. James Scott
Page 7

national banks and their operating subsidiaries.  12 U.S.C. §§ 24(Seventh) & 371;
12 C.F.R. Part 34; 12 C.F.R. § 5.34(e)(5)(v)(A), (C), (D) & (V).

The OCC also approves CBNA's investment in the following other subsidiaries that will result
from the mergers.  The activities of these subsidiaries are permissible for national banks and their
operating subsidiaries, or will be divested, as described below.

1.  ***Citicorp Del-Lease, Inc., ("Del-Lease") and its subsidiaries*** principally engage
    in personal property leasing and related activities permissible for national banks.
    Certain subsidiaries of Del-Lease held limited real estate assets and associated
    leveraged leases at the time the applications were filed.  The real estate assets and
    activity will be transferred out of the bank into a holding company ownership
    chain before the Interstate Merger.  12 U.S.C. § 24(Seventh) & 24(Tenth);
    12 C.F.R. Part 34; 12 C.F.R. § 5.34(e)(5)(v)(M).

2.  ***Citicorp Credit Services, Inc. (Delaware)*** provides a range of services in
    connection with credit card lending.  12 U.S.C. § 24(Seventh); 12 C.F.R.
    § 7.4008; 12 C.F.R. § 5.34(e)(5)(v)(B), (C) & (D).

3.  ***Citicorp Railmark, Inc.*** engages in the personal property leasing of railcars with
    maturities out to 2014.  12 U.S.C. § 24(Seventh) & 24(Tenth); 12 C.F.R. Part 34;
    12 C.F.R. § 5.34(e)(5)(v)(M).

4.  ***Citicorp Assurance Co.'s*** only activity is a Contractual Liability Insurance Policy
    covering the debt waiver provision of a CBNA note.  Upon consummation of
    these transactions, this remaining policy effectively will be an obligation on
    behalf of CBNA, *i.e.,* a subsidiary adding its own undertaking to an obligation of
    its parent bank.

5.  ***Communico*** acts as a trustee for deeds of trust for mortgages.  12 U.S.C.
    §§ 24(Seventh) & 371; 12 C.F.R. § 5.34(e)(5)(v)(A), (C), (D) & (V).

6.  ***Nationsrent Companies, Inc.*** is a company that was acquired in satisfaction of
    debts previously contracted ("DPC").  It engages in renting and selling new and
    used construction, mining, and forestry equipment.  While these activities are not
    permissible for national banks, national banks may own companies acquired DPC,
    subject to appropriate holding and divestiture periods.  12 U.S.C. § 24(Seventh);
    12 C.F.R. § 5.34(e)(5)(v)(A).[9]

---

[9] Nationsrent Companies, Inc., was listed as a subsidiary in the original application.  In a supplemental letter dated
June 30, 2006, bank counsel advised the OCC that CBDE has sold its entire ownership interest in this company.

August 3, 2006
Mr. James Scott
Page 8

**Temporary Retention of Nonconforming Assets and Activities**

Following consummation and for a period of two years, CFSB-NA and, subsequently, CBNA may continue certain activities and retain investments in certain entities listed below.[10]  These investments must be terminated within the two-year period unless, within that time period, the OCC determines that this investment is permissible.

1.   ***Secured Deposits.***  CFSB maintains certain private deposits for which it provides collateral pledged as security for certain private charities and foreign government agencies.  CBNA requests that during the two-year period it be permitted to continue these deposits and accept a limited number of new collateralized deposits in order to maintain the viability of the business line.  Any new collateralized deposits must be within the reasonable scope of CFSB's existing business.

2.   ***First Estate Corporation ("FES") and Glenfed Development Corp. ("GDC").***  FES is a holding company that owns GDC.  GDC is also a holding company.  It holds a 50 percent interest in a California general partnership named Brock Chapman.  Brock Chapman, which was formerly engaged in property development activities, is now inactive.  The managing general partner of Brock Chapman has advised Citigroup that the partnership probably will be dissolved in 2006.

3.   ***Redlands Financial Services, Inc.***  This subsidiary holds a limited partnership interest in a California partnership named Great American Investors, Limited Partnership ("Great American").  Great American is inactive and has been liquidated.  WEST expects that the general partner of Great American will make the required filings with the California Secretary of State to evidence the dissolution of Great American in 2006.

4.   ***Soar Associates, Ltd.***  CitiMortgage, Inc., holds a limited partnership interest in Soar Associates, Ltd. ("Soar").  Soar is a limited partnership that holds real property that is not permissible for a national bank.  CitiMortgage, Inc. is a

---

[10]  These are activities and investments that are not generally permissible for national banks, but which a bank resulting from a conversion or a merger is permitted to retain for a reasonable time period, usually not more than two years, to wind up, divest, or bring into conformance.  *See, e.g.,* 12 U.S.C. § 35 (second paragraph); 12 C.F.R. § 5.24(d)(2)(ii)(H) & 5.24(d)(2)(iii); 12 C.F.R. § 5.33(e)(5); Comptroller's Licensing Manual, Conversions Booklet (April 2004) (page 9); Comptroller's Licensing Manual, Business Combinations Booklet (April 2006) (page 35).

August 3, 2006
Mr. James Scott
Page 9

passive investor, and it shares in the tax losses generated by the partnership. The book value of the partnership interest has been written down to zero.[11]

5.   ***Citicorp Insurance Agency, Inc., and Citicorp Insurance Agency of Nevada, Inc.*** These subsidiaries engage in the sale of insurance products as agent. They are located in places with a population greater than 5000. The applicants plan to move these entities to be owned under the holding company in 2007, and they will be combined with other insurance operations already conducted under the holding company.[12]

## Bank Merger Act and Community Reinvestment Act Reviews

The OCC reviewed the proposed merger transactions under the criteria of the Bank Merger Act, 12 U.S.C. § 1828(c), and applicable OCC regulations and policies. Among other matters, we found that the proposed transactions would not have any anticompetitive effects. The OCC considered the financial and managerial resources of the banks, their future prospects, and the convenience and needs of the communities to be served. In addition, the Bank Merger Act requires the OCC to consider "...the effectiveness of any insured depository institution involved in the proposed merger transaction in combating money laundering activities, including in overseas branches," 12 U.S.C. § 1828(c)(11). We considered these factors and found them consistent with approval under the statutory provisions.

The Community Reinvestment Act ("CRA") requires the OCC to take into account the applicants' record of helping to meet the credit needs of the community, including low- and moderate-income ("LMI") neighborhoods, when evaluating certain applications, including conversions, establishment of branches, and merger transactions that are subject to the Bank Merger Act. 12 U.S.C. § 2903; 12 C.F.R. § 25.29. The OCC considers the CRA performance evaluation of each institution involved in the transaction. A review of the record of these applicants and other information available to the OCC as a result of its regulatory responsibilities revealed no evidence that the applicants' record of helping to meet the credit needs of their communities, including LMI neighborhoods, is less than satisfactory. No comments on this (or any other) aspect of the transaction were received in the public comment process.

---

[11] In the application originally, the applicants intended for WEST to have divested of its interest before the Reorganization. The process is taking longer than expected, and the bank subsequently requested OCC approval to retain the partnership interest as a nonconforming asset.

[12] National banks and their operating subsidiaries are permitted to act as insurance agent, if located in a place with a population of less than 5,000. 12 U.S.C. § 92; 12 C.F.R. § 5.34(e)(5)(v)(P). National banks also may operate insurance agencies in other places if the activity is conducted in a financial subsidiary. 12 U.S.C. § 24a; 12 C.F.R. § 5.39.

August 3, 2006
Mr. James Scott
Page 10

**Consummation Requirements**

Please notify the OCC in writing in advance of the desired effective date for these transactions, so we may issue the necessary authorizations and certification letters. Also, please ensure that the following requirements are satisfied prior to the effective date.

With respect to the **conversion applications**, you are reminded that the following items must be satisfactorily addressed on or before the effective date of the conversion:

1.  The converting institution must ensure that all other required regulatory approvals have been obtained. Final authorization to operate as a national bank will not be given to an institution with a bank holding company until the Federal Reserve Board has approved the holding company.

2.  The bank must maintain liquidation accounts established when the bank acquired institutions that converted from mutual to stock form.

3.  The converting institution must notify the OCC if the facts described in the filing materially change at any time prior to consummation of the conversion.

4.  Upon completion of all steps required to convert to a national banking association, submit the "Conversion Completion Certification" certifying that you have done so.

When the institution has satisfactorily completed all of the above steps, the OCC will issue a Conversion Completion Acknowledgment officially authorizing the institution to commence business as a national banking association. At that time you will receive the charter certificate.

With respect to the **merger and purchase and assumption applications**, please ensure that you have submitted the following prior to your desired consummation date:

1.  A Secretary's Certificate for each institution, certifying that a majority of the board of directors approved.

2.  An executed merger or purchase and assumption agreement and, if necessary, the Amended Articles of Association.

3.  A Secretary's Certificate from each institution, certifying that the shareholder approvals have been obtained, if required.

With respect to the **reduction in capital**, a reduction in capital stock requires approval by shareholders owning at least two-thirds of the bank's capital stock and, if necessary, amendments to the Articles of Association. Also following the completion of the transaction, the bank must advise the OCC of the effective date of the decrease.

August 3, 2006
Mr. James Scott
Page 11

**Conclusion**

If these transactions are not consummated within one year from the approval date, the approval shall automatically terminate, unless the OCC grants an extension of the time period.

These approvals and the activities and communications by OCC employees in connection with the filing, do not constitute a contract, express or implied, or any other obligation binding upon the OCC, the United States, any agency or entity of the United States, or any officer or employee of the United States, and do not affect the ability of the OCC to exercise its supervisory, regulatory and examination authorities under applicable law and regulations. The foregoing may not be waived or modified by any employee or agent of the OCC or the United States.

If you have any questions, please contact Stephen A. Lybarger, Director for Licensing Activities, at (202) 874-5060.

Sincerely,

*Lawrence E. Beard*

Lawrence E. Beard
Deputy Comptroller for Licensing

# THIS PAGE INTENTIONALLY BLANK