UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELITE PHYSICIAN SERVICES, LLC,                   :
                                                 :    STIPULATION AND
        Plaintiff,                       :    PROPOSED ORDER
                                                 :
  -v.-                                           :    06 Civ. 2447 (BSJ) (GWG)
                                                 :
CITICORP PAYMENT SERVICES, INC.,                 :
                                                 :    DOC #: _____
        Defendant.                       :    DATE FILED: 8/14/08
-----------------------------------------------------------------x
ELITE PHYSICIAN SERVICES, LLC,                   :

        Plaintiff,                       :

  -v.-                                           :    07 Civ. 3097 (BSJ) (GWG)

CITICORP CREDIT SERVICES INC. (USA)              :

        Defendant.                       :

-----------------------------------------------------------------x

## GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      For good cause and pursuant to the Individual Practices of Magistrate Judge Gorenstein, all parties have stipulated to the following proposed revised scheduling order which, if adopted by the Court, would provide, pursuant to Rule 16 of the Federal Rules of Civil Procedure, as follows:

1.   Defendant Citicorp Payment Services, Inc. shall serve Responses to Plaintiff's First Set of Interrogatories, in accord with the Federal Rules of Civil Procedure, upon plaintiff Elite Physician Services LLC ("Elite") on or before August 14, 2008.

2.   Defendants Citicorp Payment Services Inc. and Citicorp Credit Services, Inc. (together, "Defendants" or "Citi") shall perform an electronic search for electronically stored documents responsive to Elite's document requests and shall produce to Elite, in accord with the Federal Rules of Civil Procedure, documents so obtained by October 8, 2008. In the event of unforeseen difficulties, the parties may agree upon a reasonable extension of this deadline. Responsive documents shall be produced in a format that is capable of

MICROFILMED AUG 1 5 2008 -12 00 PM

1

being electronically searched. The electronic search to be performed by Defendants shall conform to the following protocols:

   a. Defendants will search for emails that include the email extension uniquely associated with Elite: EliteDr.com.

   b. Defendants will search for emails that contain the following three e-mail addresses, which do not use the EliteDr.com extension: (i) drdressler@comcast.net; (ii) todds233@hotmail.com; and (iii) nutz4flying@earthlink.net.

   c. Defendants will search archived e-mails and other electronically stored documents of the following persons

   > Jim Ackerson; Vikram (Vik) Atal; Alex Bariso; Denese Bledsoe; Darin Boddicker; Theresa Breedlove; Andy Cantore; Lori Cavicchioni; Karma Cox; Mark Creighton; Lori Beth Davidson, Dan Deitemeyer; Rose DeLeon; Steve Dierks; Cynthia A. (Cindy) Dobbs; Rob Donovan; Raquel Elie; Richard Ellis; Kurt Fagerburg; Steven J. (Steve) Freiberg; Kenneth L. (Ken) Harris; Bill Johnson; Jeffrey M. Jones; Kenneth (Ken) W. Olsen, Jr.; Melissa Pearlman; Michael Pelkowski; Kim Pierson; Zane Pressley (Pressely); Julie Pukas; Patrick (Pat) Shanders; Neeraj Sharma; Debra (Debbie, Deb) Sexton; Nicole Suder; and Craig Vallorano.

   against the search terms listed below in Paragraph 2.d, including upper- and lower-case alternatives.

   d. Search terms.

   > "keithy"; "Gina Glass"; "Gina Whited"; "Sherry Groves"; "Darda Kerfeld"; "Joyce McCullough"; "Gary Moore"; "Salisbury"; "Todd Schmiedeler"; "Dawn Simpson"; "Stephen" within one word of "Tees"; "Steve" within one word of "Tees"; "Kate Watson"; "Wayne" within one word of "Clay"; "Alan Field"; "healthcare aggregator"; "health care aggregator"; "healthcard"; "Citi Health"; "citi healthcard"; "citi health card"; "healthcare card"; "health care card"; "Citi branded healthcare card"; "CHC"; "Elite Physician Services"; "Elite" and "healthcare" or "health care" or "Citi health card" or "CHC" or "aggregator"; "EPS" and "healthcare" or "health care" or "Citi health card" or "CHC" or "aggregator"; "Mantis" and "healthcare" or "health care" or "Citi health card" or "CHC" or "aggregator"; "Project" within two words of "Mantis"; "patient financing"; "patient finance"; "healthcare patient finance"; "health care patient finance"; "Project" within two words of "Mirror"; "Mirror" within five words of "Elite"; "terminate" within five words of "Elite";

2

        "termination" within five words of "Elite"; "SurfN"; "Unicom" and "Elite".

    e. The date range for the search shall be January 1, 2002 to December 9, 2005.

    f. Elite shall not be precluded from requesting further or additional electronic searches by Defendants in the future. Defendants reserve their rights to object to any such request and/or to move for a protective order.

3. Defendants, in addition to their original search, shall search for documents responsive to Elite's first requests for production to Defendants numbered 1.n, 3, 5, 6, 7, 8, 11, 12, 13, 14, 15, 18, 19, 25, 36, and 40 and shall produce to Elite, in accord with the Federal Rules of Civil Procedure, any additional documents so obtained by October 8, 2008. Without limitation, Elite has informed Defendants that, in particular, it seeks documents related to the financial performance from 2003 to the present of the credit card program that is the subject of the actions, documents relating to "Project Mirror," including high-level plans, and documents sufficient to identify those employees at CPSI who had significant responsibility for the credit card program. In the event of unforeseen difficulties, the parties may agree upon a reasonable extension of the October 8, 2008 deadline.

4. The 30(b)(6) deposition of Defendant Citicorp Payment Services, Inc. noticed for August 8, 2008 is cancelled without prejudice.

5. Non-expert discovery shall be completed on or before February 20, 2009.

6. Disclosures of the identities and reports of experts, if any, as required by Rule 26(a)(2)(A) and (B) shall be made on or before March 13, 2009.

    The disclosure of identities and reports of any expert intended by an opposing party solely to rebut previously disclosed expert evidence shall be made on or before May 15, 2009.

7. Depositions of experts shall be completed on or before June 12, 2009.

8. The end-date for all discovery is June 12, 2009.

9. The parties shall inform each other by letter on or before June 26, 2009 whether either intends to file a dispositive motion.

10. Dispositive pretrial motions shall be served on or before July 24, 2009.[1]

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any filing or other requirements for dispositive motions. In the event the assigned District Judge requires a pre-motion conference prior to the filing of a dispositive motion, the party must make a request in writing for such a conference by the above date and shall not serve or file the motion until the party has received instructions from the assigned District Judge with respect to the due date for the motion.

3

11. If no party states its intention to file a dispositive pre-trial motion, plaintiff(s) will supply pretrial order materials to defendant(s) in accordance with the requirements of the rules of the assigned District Judge on or before July 24, 2009. The pre-trial order shall be filed within 15 days thereafter. If, however, a dispositive motion is served on or before the date in the previous paragraph, the due date of the plaintiff's portion of the pretrial-order materials shall be extended to 30 days following decision on the dispositive motion and the pretrial order shall be filed within 15 days thereafter.

12. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel of the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

13. All applications to the Court must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: www.nysd.uscourts.gov/judges.htm.

Discovery applications – that is, any application or motion pursuant to Rules 26 through 37 or 45 – not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such an application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

As stipulated to:

MILLER & MARTIN PLLC

By: *Robert F. Parsley*

Donald Aho, Admitted Pro Hac Vice
Robert F. Parsley, Admitted Pro Hac Vice
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
(423) 756-6600

WROBEL & SCHATZ LLP

4

Philip R. Schatz (PS 6158)
1040 Avenue of the Americas
11th Floor
New York, NY 10018-3703
(212) 421-8100

*Counsel for Plaintiff Elite Physician Services, LLC*


STROOCK & STROOCK & LAVAN LLP

By: ___Lisa Simonetti w/Permission___ /RRP
Lisa Simonetti
2029 Century Park East
Los Angeles, California 90067
(310) 556-5800

*Counsel for Defendants Citicorp Payment Services, Inc.
and Citicorp Credit Services, Inc. (USA)*


SO ORDERED.

Dated: New York, New York

___August 14___, 2008

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

5

LA 51075591v1
08/11/08 09:29AM